UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEROME AND LOIS SCHERIFF,

        Plaintiff,

v.                                                Case No. 07-C-873

C.B. FLEET COMPANY, INC.,

        Defendant.

**ORDER**

Defendant has filed an expedited motion to compel the plaintiff to submit to a vocational rehabilitation examination. The Plaintiff has offered to appear for the exam if he can bring a witness of his choice (such as his attorney) or have the exam videotaped. The Defendant's expert, Dr. Lynch, will allow Plaintiff's wife to join him, but will not allow the presence of anyone else, nor will he allow a recording device. The parties appeared on June 11 for argument, and I now conclude that the motion to compel should be granted.

The parties debate, first, whether a vocational rehabilitation exam is the sort of exam authorized by Fed. R. Civ. P. 35, which allows a court to order "a physical or mental examination by a suitably licensed or certified examiner." According to the Defendant's expert, a rehabilitation psychologist, "The rehabilitation examination is conducted by a private interview which addresses both the physical and mental circumstances of the individual and the individual's self-perception and self-description are highly relevant to an understanding of the individual's vocational and rehabilitation state." (Lynch Decl., ¶ 3.) Although it is conceivable that not every such exam would

be considered a mental or physical exam under Rule 35, I see no reason to question the expert's description of what his own examination entails, especially when the expert is a Ph.D.-level psychologist – a "suitably licenced" examiner. As the court noted in *Jefferys v. LRP Publications, Inc.*,

> Dr. Lukas, who has an Ed.D. degree, is a diplomate of the American Board of Vocational Experts, a certified rehabilitation counselor, and a certified vocational evaluator. He has the required credentials of a "suitably licensed or certified professional." What he proposes is simply to evaluate her vocational status, taking as true whatever information plaintiff provides about her physical and mental limitations because of her fear of flying. *If Dr. Lukas were a physician or psychologist, there is no doubt he could conduct an examination*.

184 F.R.D. 262, 263 (E.D. Pa. 1999) (italics added); *cf. Storms v. Lowe's Home Centers, Inc.,* 211 F.R.D. 296, 298 (W.D.Va. 2002) (noting that defendant's motion to compel sought to conduct a vocational exam unconnected with any mental or physical exam). Here, the Plaintiff has asserted a claim for loss of earning capacity of around $400,000, thereby placing his present earning capacity at issue. I thus conclude that good cause exists for the evaluation the Defendant seeks.

But the fact that such an exam might be fair game under Rule 35 does not necessarily mean that its terms may be dictated by the Defendant. Rule 35(a)(2)(B) allows the court to specify the "manner, conditions, and scope of the examination," and the parties dispute whether Dr. Lynch's condition disallowing any recording device or third party is a reasonable one.[1]

I begin by noting that in the normal course, medical examinations under Rule 35 are neither videotaped nor attended by third parties. This seems reasonable, given that the examinations

---

[1]Some courts address the question in the context of Rule 26(c), requiring the party to be examined to demonstrate good cause for any procedural protections they seek. Whatever analysis is employed, the question boils down to this court's analysis of appropriate conditions for the examination pursuant to Rule 35(a)(2)(B).

2

conducted by the Plaintiff's own doctors are not videotaped or attended by third party witnesses. Overall, this is probably a good thing since the availability of videotaped medical examinations would probably prolong trials and add to the expense of litigation. Of course, treating physicians would oppose the intrusion of a camera or third party witness in the evaluation and treatment of the patient for the same reason Dr. Lynch offers for his own insistence that he be allowed to interview Plaintiff alone or with only his wife present: "people who will speak freely and spontaneously in response to questions in a private examination tend to become guarded and stilted when recorded so that the examination process is compromised." (Lynch Decl., ¶ 6.) But Dr. Lynch is not a treating physician, and Plaintiff is not voluntarily submitting to an interview with him. Dr. Lynch has been retained by the attorney for the defendant to evaluate his claimed loss of earning capacity on behalf of the defendant. While Dr. Lynch may view his role as that of a disinterested vocational rehabilitation psychologist, it is clear that Plaintiff and his attorney do not share this view. Thus, it is doubtful that even without a recording device or third party, Plaintiff will be as candid as unguarded as a patient who sought Dr. Lynch out on his own. Still, courts that have considered the issue have recognized that the presence of third parties or recording devices at Rule 35 examinations constitutes an intrusion into the evaluative process and have required a specific showing of good cause to require such a condition. *See, generally*, Bales, Richard A., *THE PRESENCE OF THIRD PARTIES AT RULE 35 EXAMINATIONS*, 71 Temple L. Rev.103, 107, 114 (1998).

Plaintiff notes that a decision from this district allowed the presence of counsel or videotaping under similar circumstances. In *Zabkowicz v. West Bend Co.,* Judge Gordon explained as follows:

The defendants argue with some force that the presence of a third party or a

3

> recording device may create inhibitions detrimental to a psychiatric interview. However, in the context of an adversary proceeding, the plaintiffs' interest in protecting themselves from unsupervised interrogation by an agent of their opponents outweighs the defendants' interest in making the most effective use of their expert.
>
> The defendants' expert is being engaged to advance the interests of the defendants; clearly, the doctor cannot be considered a neutral in the case. There are numerous advantages, unrelated to the emotional damage issue, which the defendants might unfairly derive from an unsupervised examination. In sum, I do not believe that the role of the defendants' expert in the truth-seeking process is sufficiently impartial to justify the license sought by the defendants. Accordingly, the plaintiffs, at their option, are entitled to have a third party (including counsel) or a recording device at the examination.

585 F.Supp. 635, 636 (E.D. Wis. 1984).

The defendant cites several cases from other districts where the plaintiffs insistence on the presence of a third party witness or recording device during the examination was rejected by the court. *See Wheat v. Biesecker*, 125 F.R.D. 479 (N.D. Ind. 1989); *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620 (D. Kan. 1999); *Favale v. Roman Catholic Diocese of Bridgeport*, 235 F.R.D. 553 (D. Conn. 2006). Unlike *Zabkowicz*, these cases start with the presumption that the expert retained to conduct the examination is professional, independent and objective, as opposed to an agent or advocate for the side that retained him. Even aside from this difference, Plaintiff notes that at least two of the cases cited by the Defendant are also distinguishable on other grounds. In *Wheat*, for example, the issue was whether plaintiff's counsel could attend a Rule 35 medical examination. In rejecting plaintiff's argument that his attorney should be present the court noted, consistent with the majority of cases, that by insisting on being present for such an examination counsel would place himself in the position of becoming a witness in the case. 125 F.R. D. at 480. That would not be a concern here, however, since Plaintiff here

seeks to have either a recording device or an independent third party, not his attorney, present. In *Favale*, the court noted that recording the examination would run contrary to Rule 35's purpose of providing a level playing field since there was no showing that the defendant received a tape recording of plaintiff's treatment session. 235 F.R.D. at 557. Here, Plaintiff has not retained a vocational rehabilitation expert, but agrees to record any interview conducted as part of the examination if he does so later. Thus, Plaintiff is not seeking an unfair advantage.

Even with these differences, however, I am not inclined to order as a condition of his examination that Dr. Lynch allow the presence of a third party or a recording device at his interview. It would be one thing if there were some indicia of unfairness or some concrete reason to assume that Dr. Lynch would seek to take advantage of the Plaintiff. But that is not even suggested here. *Favale*, 235 F.R.D. at 556 ("Favale has not presented the court with special circumstances that distinguish her case from others in which Rule 35 examinations are sought."); *Hertenstein,* 189 F.R.D. at 624 ("When ordering a mental examination, the court assumes the selected physician will conduct the examination in an ethical and professional manner.") More recent cases suggest that Rule 35 examinations are not to be *de facto* adversarial exams, and thus the fact that Lynch has been retained does not necessarily make him an adversary, nor does it render his conclusions inherently suspect. His opinions will be subject to cross-examination, and any perceived bias may be probed accordingly.

In sum, Plaintiff has placed his earning capacity in issue, and a Rule 35 examination is appropriate. He has not distinguished his case from the mine run of cases in which medical examiners prohibit third parties and recording as a matter of course. Should any disputes develop about the examination, those may be aired after the fact. Indeed, should some problematic issue

5

arise, it is conceivable that the jury may consider the conditions imposed by Dr. Lynch as probative of any dispute. But without any persuasive reason to deviate from common practice, the Defendant's motion to compel will be **GRANTED**, and the Defendant's expert may examine the plaintiff at an agreeable time on the terms proposed. The motion for leave to file a reply brief is **DENIED** as moot. Defendant's Rule 26(a)(2) disclosure concerning Dr. Lynch's findings will be due within fourteen days of his examination.

      **SO ORDERED** this   16th    day of June, 2008.

                                             s/   William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge